UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



FILED

MAY 19 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

_TRAVIS R. NORWOOD,_ _____          _3542062_ _____

_____          _____

_____          _____

*(Enter above the full name of the plaintiff*          *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**                              **CIVIL ACTION NO.** 2:20-cv-00350 _____
                                        *(Number to be assigned by Court)*

_BETSY C. JIVIDEN, DONALD F. AMES,_ ___

_JOHNNY WILSON, TAMI McGRAW,_ _____

_SCOTT CONRATH, KEEFE COMMISSARY NETWORK,_

_DANIEL L. CONN, WEXFORD Inc.,_ _____
*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

**I.     Previous Lawsuits**

   A.    Have you begun other lawsuits in state or federal court dealing with the same
         facts involved in this action or otherwise relating to your imprisonment?

                 Yes _____          No _✓_____

1

B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1.   Parties to this previous lawsuit:

Plaintiffs: _____

_____

_____

Defendants: _____

_____

_____

2.   Court (if federal court, name the district: if state court, name the county): _____

_____

3.   Docket Number: _____

4.   Name of judge to whom case was assigned: _____

5.   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? _____

_____

6.   Approximate date of filing lawsuit: _____

7.   Approximate date of disposition: _____

2

II.    **Place of Present Confinement:** *MOUNT OLIVE CORRECTIONAL COMPLEX*

    A.    Is there a prisoner grievance procedure in this institution?

        Yes ✓      No _____

    B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes ✓      No _____

    C.    If your answer is YES:

        1.    What steps did you take? *PLAINTIFF FILED AND EXHAUSTED EVERY GRIEVANCE ON EVERY ISSUE.*

        2.    What was the result? *ONLY ONE ISSUE, ABOUT A LEGAL BOOK WAS RESOLVED. THE REST NEED TO BE ADJUDGED.*

    D.    If your answer is NO, explain why not: *N/A*

III.    **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

    A.    Name of Plaintiff: *TRAVIS R. NORWOOD # 3542062*

        Address: *1 MOUNTAINSIDE WAY, MT. OLIVE, WV 25185*

    B.    Additional Plaintiff(s) and Address(es): *N/A*

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant: BETSY C. JIVIDE,

is employed as: COMMISSIONER OF W.V. DCR,

at 1409 GREENBRIER STREET, CHARLESTON, WV 25311,

D.   Additional defendants: DONALD F. AMES, JOHNNY WILSON, TAMI McGRAW

ARE EMPLOYED AT: M.O.C.C., 1 MOUNTAINSIDE WAY, MT. OLIVE WV 25185.,

DEFENDANTS: SCOTT CONRATH, KEEFE COMMISSARY NETWORK, 21848 COMMERCE PARKWAY, SUITE 100. STRONGVILL, OH 44149.

DEFENDANTS: DANIEL L. CONN, WEXFORD. INC., 501 HOLIDAY DRIVE, FOSTER PLAZA FOUR, PITTSBURGH, PA, 15220.

## IV.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

TRAVIS R. NORWOOD,
     PLAINTIFF,

                               COMPLAINT

V.                           CIVIL ACTION NO. _____

BETSY C. JIVIDEN, DONALD F. AMES,
JOHNNY WILSON, TAMI McGRAW,
SCOTT CONRATH, KEEFE COMMISSARY NETWORK,
DANIEL L. CONN, WEXFORD INC.,.
     DEFENDANTS.


## I. JURISDICTION & VENUE

1.    THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. § 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331 AND 1343 (a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201 AND 2202. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIFE ARE AUTHORIZED BY 28 U.S.C. § 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2.    THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF WEST VIRGINIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C. § 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS

GIVING RISE TO THIS CLAIM OCCURRED, FAYETTE COUNTY, W.V.,

## II. PLAINTIFF

3.    PLAINTFF, TRAVIS R. NORWOOD, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF WEST VIRGINIA, IN THE CUSTODY OF THE WEST VIRGINIA DIVISION OF CORRECTION AND REHABILITATION. HE IS CURRENTLY CONFINED AT MOUNT OLIVE CORRECTIONAL COMPLEX, IN FAYETTE COUNTY, WEST VIRGINIA.

## III. DEFENDANTS

4.    DEFENDANT, BETSY C. JIVIDEN IS THE COMMISSIONER OF THE STATE OF WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION. SHE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF THE DEPARTMENT AND EACH INSTITUTION UNDER IT'S JURISDICTION, INCLUDING MOUNT OLIVE CORRECTIONAL COMPLEX. HER ADDRESS IS, 1409 GREENBRIER STREET, CHARLESTON, WV 25311.

5.    DEFENDANT, DONALD F. AMES IS THE SUPERINTENDENT OF MOUNT OLIVE CORRECTIONAL COMPLEX. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF MOUNT OLIVE CORRECTIONAL COMPLEX. AND FOR THE WELFARE OF ALL THE INMATES IN THE PRISON. HIS ADDRESS IS, 1 MOUNTAINSIDE WAY, MT. OLIVE, WV 25185.

6.    DEFENDANT, JOHNNY WILSON IS A CORRECTIONAL OFFICER OF THE WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE

RANK OF SERGEANT AND ASSIGNED TO MOUNT OLIVE CORRECTIONAL
COMPLEX. HIS ADDRESS IS, 1 MOUNTAINSIDE WAY, MT. OLIVE, WV
25185.

7.    DEFENDANT, TAMI McGRAW IS A CORRECTIONAL COUNSELOR IN
THE WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION
WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE ~~PRISON~~
POSITION OF QUILLIAMS-2 COUNSELOR AND ASSIGNED TO MOUNT
OLIVE CORRECTIONAL COMPLEX. HER ADDRESS IS, 1 MOUNTAINSIDE
WAY, MT. OLIV, WV 25185.

8.    DEFENDANT, SCOTT CONRATH IS A EMPLOYEE FOR THE CORPORATION
THAT PROVIDES COMMISSARY FOR THE WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION WHO, AT ALL TIMES MENTIONED IN
THIS COMPLAINT, SOLD COMMISSARY ITEMS TO INMATES IN MOUNT
OLIVE CORRECTIONAL COMPLEX. HIS ADDRESS IS, 21848 COMMERCE
PARKWAY, SUITE 100, STRONGVILL. OH 44149.

9.    DEFENDANT, KEEFE COMMISSARY NETWORK IS THE CORPORATION
THAT IS THE COMMISSARY VENDOR FOR THE WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION WHO, AT ALL TIMES MENTIONED
IN THE COMPLAINT, SOLD COMMISSARY ITEMS TO INMATES IN MOUNT
OLIVE CORRECTIONAL COMPLEX. THE CORPORATIONS ADDRESS IS,
21848 COMMERCE PARKWAY, SUITE 100, STRONGVILL, OH 44149.

10.    DEFENDANT, DANIEL L. CONN IS THE C.E.O. OF THE CORPORATION
THAT PROVIDES MEDICAL TREATMENT FOR INMATES IN THE ~~STATE~~ WEST
VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION WHO,
AT ALL TIMES MENTIONED IN THIS COMPLAINT, WAS RESPONSIBLE

FOR THE MEDICAL TREATMENT OF THE INMATES AT MOUNT OLIVE CORRECTIONAL COMPLEX. HIS ADDRESS IS, 501 HOLIDAY DRIVE, FOSTER PLAZA FOUR, PITTSBURGH, PA 15220.

11. DEFENDANT, WEXFORD, INC. IS THE CORPORATION THAT PROVIDES MEDICAL TREATMENT FOR INMATES IN THE WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, WAS RESPONSIBLE FOR THE MEDICAL TREATMENT OF THE INMATES AT MOUNT OLIVE CORRECTIONAL COMPLEX. WHO'S ADDRESS IS, 501 HOLIDAY DRIVE, FOSTER PLAZA FOUR, PITTSBURGH, PA 15220.

12. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

## IV. FACTS

13. PLAINTIFF IS IN A ADMINISTRATIVE SEGREGATION (HEREIN AFTER AD-SEG) PROGRAM KNOWN AS THE QUALITY OF LIFE (Q.O.L.), THAT IS OPERATED IN THE QUILLIAMS-1 (Q-1) AND QUILLIAMS-2 (Q-2) UNITS AT MOUNT OLIVE CORRECTIONAL COMPLEX (M.O.C.C.).

14. PLAINTIFF IS HOUSED IN THE Q-2 UNIT. THE Q-2 UNIT IS DIVIDED INTO EIGHT (8) SECTIONS. THEY ARE: POD#3; POD#4; POD#5; POD#6; POD#7; POD#8, WHICH ARE THE INMATE HOUSING, A MULTIPURPOSE ROOM WHICH IS STAFF OFFICES AND A INDOOR RECREATIONAL (REC) YARD. THESE EIGHT (8) SECTIONS FORM A CIRCLE AROUND A ROTUNDA "TOWER" WHERE A CORRECTIONAL OFFICERS ARE STATIONED TO SUPERVISE.

15. THE Q.O.L. PROGRAM IS A MINIMAL OF TWELVE (12) MONTHS LONG.

16. INMATE HOUSED IN Q-2 ARE LOCKED IN THEIR CELLS TWENTYFOUR (24) HOURS A DAY. THE ONLY EXCEPTIONS BEING ONE (1) HOUR OF REC FIVE DAYS PER WEEK AND THREE (3) SHOWERS PER WEEK. MOST WEEKS, BUT SOME WEEKS LESS THAN FIVE (5) REC'S PER WEEK AND LESS THAN THREE (3) SHOWERS PER WEEK.

17. M.O.C.C. STAFF HAVE WHAT THEY CALL "72 HOUR LOCKDOWN." WHITCH IS A LOCKED IN YOU CELL FOR SEVENTYTWO (72) HOURS, PUNISHMENT FOR MINOR RULE VIOLATIONS. THE PROBLEM WITH THE 72 HOUR LOCKDOWN FOR INMATES IN AD-SEG, IS IT FORCES THEM TO GO EXTREMELY LONG PERIODS OF TIME WITHOUT SHOWERS OR EXERCISE. M.O.C.C. STAFF DO NOT HAVE MAKE UP SHOWERS OR REC IF THE 72 HOUR LOCK DOWN CAUSED THE INMATE TO MISS SHOWER OR REC CYCLE.

18. WEST VIRGINIA (W.V.) LEGISLATIVE RULE ESTABLISHES MINIMUM STANDARDS AND PROCEDURES FOR CORRECTIONAL FACILITIES IN W.V., ONE OF THE MINIMUM STANDARDS ESTABLISHED FOR SEGREGATION UNITS IS, "INMATES IN SEGREGATION SHALL RECEIVE A MINIMUM OF ONE HOUR PER DAY, SEVEN DAYS PER WEEK, OF OUTDOOR EXERCISE."

19. PLAINTIFF HAS FILED AND EXHAUSTED INMMATE GRIEVANCES ABOUT THE REC AND SHOWER DEFICIENCYS AND THE "72 HOUR LOCK DOWN." (SEE EXHIBIT-A, B, C)

20. PLAINTIFF WENT FROM FEBRUARY 27, 2020, UNTILL MARCH 5, 2020, WITHOUT A SHOWER. DO TO "STAFFING CONCERNS."

THAT IS SIX (6) DAYS WITHOUT A SHOWER. THUS THE WEEK OF MARCH 1-7 PLAINTIFF WAS ONLY ALLOWED TWO (2) SHOWERS.

21. ANY INMATE ACTING Pro se IS HEVILY RELIANT ON THEIR FACILITYS LAW LIBRARY, THE ACCESSIBILITY OF THAT LAW LIBRARY, AND THE AMENITIES ASSOCIATED WITH THE LAW LIBRARY.

22. W.V. LEGISLATIVE RULE ESTABLISHES MINIMUM STANDARDS AND PROCEDURES FOR CORRECTIONAL FACILITIES IN W.V.,. ONE OF THE MINIMUM STANDARDS OF PROCEDURES FOR INMATES IN AD-SEG "SHALL HAVE ACCESS TO LEGAL MATERIALS AT LEAST THREE TIMES PER WEEK."

23. Q-1, & Q-2 INMATES ARE NOT ALLOW PHYSICAL ACCESS TO THE LAW LIBRARY. (SEE EXHIBIT-D) WITH THE ONLY SUBSTITUTION BEING A "LEGAL RECORDS REQUEST FORM." (SEE EXHIBIT-D.1) THE FRONT OF EXHIBIT-D.1 IS WHAT Q-2 INMATES FILL OUT TO REQUEST INFORMATION FROM THE LAW LIBRARY. THE BACK OF THE FORM ARE THE RULES AND STIPULATIONS OF THE LAW LIBRARY AT THE TOP. I'VE HIGHLIGHTED THE MORE CONTRAVENE PARTS. THE BOTTOM PART IS LEGAL FORMS INMATES CAN REQUEST.

24. M.O.C.C. LAW LIBRARY DOSE NOT COMPLY WITH W.V. LEGISLATIVE RULE. THE LAW LIBRARY'S ALLEGED PICKUPS AND DELIVERIES ARE MONDAY, WEDNESDAY AND FRIDAY, "EXCLUDING HOLIDAYS." IT IS A RARITY IF Q-2 INMATES GET THE ALLEGED THREE (3) PICKUPS AND DELIVERIES FROM THE LAW LIBRARY A WEEK. THE LAW LIBRARY MISSES NUMEROUS DAYS THAT ARE NOT HOLIDAYS.

25.   PLAINTIFF HAS MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF THE LAW LIBRARYS DEFICIENCYS, VIA THE INMATE GRIEVANCE FORM AND EXHAUSTED IT. TO NO AVAIL (SEE EXHIBIT-E).

26.   THE M.O.C.C. LAW LIBRARY ALSO CHARGES FIFTEEN CENTS (.15¢) PER SHEET FOR ALL COPIES. THAT IS CONTRARY TO WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION (W.V. DCR) POLICY DIRECTIVE 329.00, WHICH STATES. "EACH INSTITUTION/ FACILITY/CENTER SHALL PROVIDE COPY MAKING EQUIPMENT AND MATERIALS FOR THE PURPOSE OF REPRODUCING PAPERS, MOTIONS, BRIEFS, PETITIONS, OR OTHER LEGAL ACTION WHICH ARE TO BE FILED WITH ANY COURT OF PROPER JURISDICTION."

27.   PLAINTIFF HAS MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF THE DISCREPANCIES BETWEEN W.V. DCR's POLICY DIRECTIVE 329.00, AND M.O.C.C.'S LAW LIBRARY'S ACTIONS. VIA THE INMATE GRIEVANCE FORM WHICH WAS EXHAUSTED AND A MEMORANDUM. (SEE EXHIBIT-F, AND EXHIBIT-F1)

28.   THE M.O.C.C. LAW LIBRARY DOSE NOT LOAN REFERENCE BOOKS OR ANY OTHER LEGAL BOOKS TO Q-1 OR Q-2 INMATES. INMATES MUST REQUEST SPECIFIC SECTIONS OF SPECIFIC BOOKS. THEN THE LAW LIBRARY SENDS COPIES OF THE SECTION REQUESTED. THE COPIES ARE LOANED FOR THREE (3) DAYS, IF NOT RETURNED IN THREE (3) DAYS. THE INMATES ACCOUNT IS DEDUCTED FIFTEEN CENTS (.15¢) PER SHEET.

29.   WITH SPOTTY PICKUP'S AND DELIVERIES FROM THE LAW

LIBRARY IT IS RARE THE "LOANED" COPIES MAKE IT BACK TO
THE LIBRARY BEFORE THE INMATES ACCOUNT IS DEDUCTED, THE
FIFTEEN CENTS (.15¢) PER SHEET. SOME ▓▓▓ Q-2 AND Q-1 INMATES
SPEND WEEKS AND HUNDREDS OF DOLLARS ON LOAND COPIES.
LOOKING FOR INFORMATION THAT COULD OF BEEN FOUND IN A FEW
HOURS FOR FREE HAD THE INMATE HAD ADEQUATE ACCESS TO THE LAW
LIBRARY.

30. M.O.C.C. LAW LIBRARY HAS A "LEGAL AIDE ASSISTANCE" PROGRAM.
THIS IS A INMATE HELPING INMATE OR JAILHOUSE LAWYER TYPE
PROGRAM. PLAINTIFF REPEATEDLY REQUESTED FOR THIS "LEGAL
AIDE ASSISTANCE" PROGRAM. PLAINTIFF WAS REPEATEDLY
DENIED ASSISTANCE, BECAUSE HE IS NOT "ILLITERATE OR
MENTALLY CHALLENGED."

31. M.O.C.C. LAW LIBRARY ALSO SCREENS WHAT INFORMATION IT WILL
▓▓▓▓ SELL TO PLAINTIFF. FOR EXAMPLE PLAINTIFF HAD GOT A COPY
OF A PAGE FROM A BOOK TITLED "ADULT CORRECTIONAL INSTITUTIONS"
IN ABOUT DECEMBER 2019. THEN IN FEBRUARY 2020 PLAINTIFF
REQUESTED TO BUY COPIES OF THE FIRST FIFTY (50) PAGES OF THE
SAME BOOK. PLAINTIFF WAS TOLD, "NOT AVAILABLE THRU LIBRARY."
THE BOOK IS JUST STANDARDS AND PROCEDURES OF W.V ADULT
CORRECTIONAL INSTITUTIONS. THERE IS NO REASON WHY THE LAW
LIBRARY WOULD NOT SELL THE COPIES TO PLAINTIFF.

32. PLAINTIFF MADE DEFENDANTS, AMES AND JIVIDEN AWARE
OF LAW LIBRARY WITHHOLDING IMPORTANT INFORMATION ▓▓▓▓ VIA
THE INMATE GRIEVANCE FORM AND EXHAUSTED IT, TO NO
AVAIL. (SEE EXHIBIT - G AND ITS TWO (2) ATTACHMENTS)

33. M.C.C.C. LAW LIBRARY RECENTLY REVISED IT'S LEGAL REQUEST FORM, AND LEFT OUT MULTIPLE IMPORTANT LEGAL FORMS FROM THE BACK OF THE LEGAL REQUEST FORM. TWO (2) OF THE FORMS LEFT OUT ARE, FOR A LEGISLATIVE CLAIM AND 4TH CIRCUIT INFORMATION. TWO (2) VARY IMPORTAN LEGAL FORMS.

34. PLAINTIFF HAS MADE DEFENDANTS AMES AND JIVIDEN AWARE OF THE LAW LIBRARYS ACTIONS. VIA THE INMATE GRIEVANCE FORM. (SEE EXHIBIT - H)

35. INMATES IN Q-2 SUBMIT THE LEGAL REQUEST FORM, THE SAME AS ANY REQUEST FORM, THROUGH THE "Q-2 UNIT TEAM." THE Q-2 UNIT TEAM OVER SEES THE DAY TO DAY OPERATIONS OF Q-2. DEFENDANTS TAMI McGRAW AND JOHNNY WILSON WERE AT ALL TIMES MENTIONED IN THIS COMPLAINT, PART OF THE Q-2 UNIT TEAM.

36. DEFENDANT McGRAW WAS THE Q-2 COUNSELOR. SHE WAS RESPONSIBLE FOR Q-2 INMATES REQUEST FORMS INCLUDING LEGAL REQUEST FORMS THAT ARE SUBMITTED THROUGH THE Q-2 UNIT TEAM.

37. DEFENDANT McGRAW WOULD SOMETIMES HOLD PLAINTIFFS LEGAL REQUEST FORMS FOR WEEKS BEFORE SUBMITTING THEM TO THE LAW LIBRARY. ADDING WEEKS TO A ALREADY SLOW PROCESS.

38. PLAINTIFF MADE DEFENDANTS AMES AND JIVIDEN AWARE OF THE ACTIONS OF DEFENDANT McGRAW. VIA THE INMATE GRIEVANCE FORM, WHICH WAS EXHAUSTED. (SEE EXHIBIT - I)

39. DEFENDANTS MCGRAW AND WILSON WOULD ALSO SOMETIMES LOSE, DISREGARD OR THROW AWAY PLAINTIFFS MAIL. INCLUDING PLAINTIFFS INMATE GRIEVANCES WHILE HE WAS TRYING TO SEEK INSTITUTIONAL REMEDIES FOR THEIR MISCONDUCT.

40. PLAINTIFF MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF DEFENDANTS MCGRAW AND WILSON'S MISCONDUCT. VIA THE INMATE GRIEVANCE FORM, (SEE EXHIBIT - J) AND EXHAUSTED IT.

41. PLAINTIFF HAD TWO (2) LEGAL BOOKS ORDERED FROM TWO (2) ORGANIZATIONS WHO SEND BOOKS TO INMATES FREE OF CHARGE. ① APPALACHIAN PRISON BOOK PROJECT, P.O. BOX 601, MORGANTOWN, WV 26507. ② NATIONAL LAWYERS GUILD, 132 NASSAU STREET, NEW YORK, NY 10038. FIRST BOOK TITLED "MICHIE'S WEST VIRGINIA CODE ANNOTATED, STATE COURT RULES." THE SECOND BOOK TITLED "THE JAILHOUSE LAWYER'S MANUAL." BOTH BOOKS WERE DENIED FOR PLAINTIFF TO RECEIVE BY DEFENDANT MCGRAW.

42. PLAINTIFF FILED AND INMATE GRIEVANCES OVER BOTH BOOK'S, BUT AT THE TIME OF WRITING THIS COMPLAINT. WAS WAITING ON ONE OF THE GRIEVANCES TO COME BACK FROM THE COMMISSIONER'S OFFICE. THUS EXHAUSTING THAT GRIEVANCE AS WELL. PLAINTIFF CAN ONLY OFFER THE GRIEVANCE OVER THE "STATE COURT RULES" BOOK AS EVIDENCE AT THIS TIME. (SEE EXHIBIT - K)

43. IT IS UPON INFORMATION AND BELIEF THAT PLAINTIFF'S MAIL WAS TAMPERED WITH, AND LAW BOOK'S DENIED TO STOP PLAINTIFF FROM SEEKING JUDICIAL RELIEF. IN A CIVIL ACTION PLAINTIFF ATTEMPTED TO FILE Pro Se IN THE CIRCUIT CIRCUIT COURT OF

FAYETTE COUNTY WEST VIRGINIA, CIVIL ACTION NO. 19-C-151.
OVER PRISON CONDITIONS AT M.O.C.C.,.

44.    DEFENDANTS McGRAW AND WILSON DENIED PLAINTIFF'S LEGAL
BOOK'S HEREIN BEFOR MENTIONED. CITING M.O.C.C.'S OPERATIONAL
PROCEDURE 403 (O.P. 403), "IN CELL LIMITS". WHICH STATES SIX (6)
BOOKS MAY BE POSSESSED IN CELL BY INMATE. DEFENDANTS McGRAW
AND WILSON DEMANDED NINE (9) BOOKS THAT PLAINTIFF NO LONGER
HAD POSSESSION OF, AS TO STAY COMPLIANT WITH O.P. 403. IN CELL
LIMIT OF SIX (6) BOOKS.

45.    DO TO THE M.O.C.C. LAW LIBRARYS DEFICIENCIES AND
RESTRICTIONS FOR Q-2 INMATES. PLAINTIFF FILED AN INMATE
GRIEVANCE TO SEE IF THE SIX (6) BOOKS LIMIT COVERED LEGAL
BOOKS. (SEE EXHIBIT-L) PLAINTIFF WAS INFORMED IT DID.

46.    W.Va. DCR HAS A CONTRACT WITH A PRIVATE COMPANY "KEEFE
COMMISSARY NETWORK." (KEEFE). WHICH ALLOWS FOR KEEFE TO
OPERATE A FOR PROFIT BUSINESS INSIDE M.O.C.C., KNOWN AS
THE COMMISSARY STORE (STORE).

47.    THE STORE IS THE ONLY PLACE INMATES CAN BUY ANYTHING
THAT IS NOT ISSUED BY W.Va. DCR. SUCH AS FOOD, HYGIENE
ITEMS AND WRITING SUPPLIES.

48.    W.Va. DCR DOSE NOT SUPPLY WRITING SUPPLIES TO INMATES
WITH MONEY IN THEIR INMATE ACCOUNT, OR THAT HAVE HAD MONEY
IN THEIR INMATE ACCOUNT IN RECENT MONTHS. THUS MOST
INMATES MUST BUY PENS, PAPER, ENVELOPES etc. FROM THE STORE.

49.  W.Va. DCR ALLOWS KEEFE TO SELL COMMISSARY TO PRISONERS AT OUTRAGEOUSLY INFLATED PRICES, WHILE UTILIZING LABOR FROM PRISONERS TO RUN THE STORE. WHICH W.Va. DCR PAYS SLAVE WAGES TO THE PRISONERS FOR THEIR LABOR IN KEEFE'S FOR PROFIT STORES, OPERATED INSIDE W.Va. DCR PRISONS.

50.  Q-2 INMATES GET ONE STORE CALL PER WEEK ON FRIDAYS. SO ANYTIME A Q-2 INMATE DOSE NOT RECEIVE THEIR STORE ITEMS THEY MUST MAKE DO WITHOUT UNTIL NEXT FRIDAY.

51.  KEEFE HAS A OBLIGATION TO MAKE SURE THAT INMATES RECEIVE ALL THE ITEMS THEY ARE CHARGED FOR. INSTEAD KEEFE SUBLETS THAT RESONSIBILITY TO W.Va. DCR STAFF. WHO ALLOW M.O.C.C. INMATES TO HAVE A HANDS ON APPROACH IN TRANSPORTING THE COMMISSARY ITEMS FROM THE STORE TO THE Q-UNITS. THEN SORTING THE COMMISSARY BAGS OUT BY POD NUMBERS.

52.  DURING THIS TRANSPORTING AND SORTING PROCESS COMMISSARY ITEMS GET LOST OR STOLEN. STAMPED ENVELOPES ARE A COMMON ITEM THAT GETS LOST OR STOLEN. LEAVING INMATES UNABLE TO MAIL DOCUMENTS FOR UPTO NINE (9) DAYS.

53.  PLAINTIFF HAS HAD NUMEROUS COMMISSARY ITEMS LOST OR STOLEN WHILE IN AD-SEG. WHEN PLAINTIFF ATTEMPTS TO RESOLVE THE ISSUE. NO ONE WILL TAKE RESPONSIBILITY. PLAINTIFF IS JUST WITHOUT THE LOST OR STOLEN ITEM AND NEVER REFUNDED FOR THE ITEMS.

54. PLAINTIFF HAS MADE DEFENDANTS AMES AND JIVIDEN AWARE OF THE LOST OR STOLEN COMMISSARY ISSUES. VIA THE INMATE GRIEVANCE FORM AND EXHAUSTED IT. (SEE EXHIBIT - M)

55. ON NOVEMBER 1, 2019 ~~COMMISSARY~~ KEEFE DRASTICALLY INFLATED THE PRICES OF TWENTYSEVEN (27) COMMISSARY ITEMS. INCLUDING WRITING PAPER WITH ABOUT A 100% PRICE INCREASE AND A 200% PRICE INCREASE ON ENVELOPES.

56. THEN ON DECEMBER 1, 2019 KEEFE DRASTICALLY INFLATED THE PRICES OF ALMOST EVERY OTHER ITEM THEY SELL TO INMATES. INCLUDING HYGIENE AND FOOD ITEMS. SOME ITEMS WERE INFLATED BY 250 - 300 %.

57. PLAINTIFF HAS MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF DEFENDANTS, KEEFE COMMISSARY NETWORK'S PRICE GOUGING. VIA INMATE GRIEVANCE FORM AND EXHAUSTED IT. (SEE EXHIBIT-N)

58. W.Va. DCR HAS A CONTRACT WITH A FOR PROFIT PRIVATE MEDICAL COMPANY, DEFENDANT WEXFORD Inc., WHICH DEFENDANT DANIEL L. CONN IS CHIEF EXECUTIVE OFFICER. WEXFORD IS RESPONSIBLE FOR THE HEALTH CARE OF M.O.C.C. INMATES.

59. PLAINTIFF HAS A DEADLY DISEASE OF THE LIVER, KNOWN AS HEPATITIS - C (HEP-C). HEP-C IS INFLAMMATION OF THE LIVER, MARKED BY JAUNDICE AND USUALLY FEVER.

60. DEFENDANT WEXFORD'S EMPLOYEES ARE AWARE THAT PLAINTIFF HAS HEP-C AND THE DEADLY EFFECTS OF THE DISEASE. YET,

STILL REFUSE TO TREAT PLAINTIFF'S HEP-C.

61. PLAINTIFF HAS MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF DEFENDANT WEXFORD'S EMPLOYEES ACTIONS. VIA THE INMATE GRIEVANCE FORM AND EXHAUSTED IT, TO NO AVAIL. (SEE EXHIBIT-O)

62. PLAINTIFF ALSO HAS A SLIGHT DEFORMITY IN THE BONES IN HIS RIGHT FOOT. THIS DEFORMITY CAUSES BALANCE PROBLEMS, AND PAIN WHILE WALKING OR STANDING WITHOUT PROPER ARCH SUPPORT.

63. AT Q.O.L. INMATES ARE NOT PERMITTED TO HAVE THEIR SNEAKERS WHILE HOUSED IN Q-2. M.O.C.C. STAFF ONLY PERMIT "SHOWER SHOES," WHICH IS A THIN FOAM SANDALS.

64. PLAINTIFF REPEATEDLY REQUESTED HIS SNEAKERS OR THE OPPORTUNITY TO BUY A NEW PAIR, DO TO HIS MEDICAL CONDITION. PLAINTIFF WAS TOLD TO "GET IT CLEARED THROUGH MEDICAL". WHEN PLAINTIFF WENT TO DEFENDANT WEXFORD'S MEDICAL STAFF TO GET IT "CLEARED". PLAINTIFF WAS TOLD TO TAKE OFF HIS SOCK, DR. CHARLES LYE, A WEXFORD EMPLOYEE, TOOK A QUICK GLANCE FROM ABOUT FIVE FEET (5') AWAY. THEN TOLD PLAINTIFF "NOTHING WRONG WITH FOOT," AND DENIED PLAINTIFF'S REQUEST FOR SHOES.

65. PLAINTIFF MADE DEFENDANTS· AMES AND JIVIDEN AWARE OF DEFENDANT WEXFORDS ACTIONS. VIA THE INMATE GRIEVANCE, TO NO AVAIL. (SEE EXHIBIT - P AND THE FOUR (4) ATTACHMENTS)

66. THE AFORESAID SHOWER SHOES ALSO HAVE FOAM TREAD

THAT WEARS OUT QUICKLY.  MAKING PLAINTFFS BALANCE
ISSUE EVEN WORST ON THE SMOOTH POLISHED CONCRETE FLOOR
OF THE Q-2 UNIT.  EVEN MORE SO WHEN THE FLOORS ARE WET.

67.   ON MARCH 13, 2020, THE INMATE LIVING IN CELL 304, WHICH
IS NEXT TO PLAINTIFF'S CELL 305, FLOODED HIS CELL WITH SEWER
WATER, CONSEQUENTLY FLOODING PLAINTIFF'S CELL AS WELL.
WHILE DEFENDANT JOHNNY WILSON WAS ALLWOING THE CELL 304
INMATE TO SHOWER AND HAVE HIS CELL MOPPED AND PROPERLY
CLEAND.  PLAINTIFF MADE DEFENDANT WILSON AWARE HIS CELL
WAS FLOODED AS WELL.  TO WHICH DEFENDANT WILSON REPLIED,
HE "MIGHT" LET ME CLEAN THE SEWER WATER UP THAT HAD
OVERFLOWE INTO MY CELL.

68.   AFTER WAITING MULTIPLE HOURS FOR DEFENDANT WILSON OR
ONE OF HIS SUBORDINATES TO RETURN WITH A MOP AND CLEANING
SUPLIES.  PLAINTIFF REALIZED DEFENDANT WILSON WAS
NOT RETURNING AND PLAINTIFF WOULD HAVE TO CLEAN THE
SEWER WATER UP BY HAND.

69.   WHILE PLAINTIFF WAS WIPING UP THE SEWER WATER
WITH A RAG BY HAND, HE SUFFERED A SLIP AND FALL.
HURTING HIS RIGHT KNEE AND LEG.  PLAINTIFF HAD TO LAY
IN RAW SEWAGE WHILE IN EXCRUCIATING PAIN FROM THE SLIP
AND FALL

70.   PLAINTIFF FILED AN INMATE GRIEVANCE OVER DEFENDANT
WILSONS NEGLIGENCE, MAKING DEFENDANTS AMES AND SIVIDEN
AWARE OF IT, (SEE EXHIBIT-Q) AND EXHAUSTED IT.

71. THE Q-2 UNIT TEAM AND THE W.Va. DCR ALSO CONSPIRE TO STOP INMATES FROM SEEKING JUDICIAL RELIEF BY IMPLEMETING PITFALLS OF ALTERED INMATE GRIEVANCES. THE ALTERED GRIEVANCES ARE MISSING A SPOT TO "DATE" WHEN APPEALING TO THE COMMISSIONER.

72. IF THE INMATE DOSE NOT DATE THE GRIEVANCE WHEN APPEALING TO THE COMMISSIONER. THE GRIEVANCE IS NEVER RETURNED TO THE INMATE. BY THE TIME THE INMAE REALIZES THE GRIEVANCE DID NOT COME BACK, IT IS TIME-BARRED BY W.Va. DCR RULES GOVERNING INMATE GRIEVANCES. WITHOUT AN EXHAUSTED GRIEVANCE INMATES CAN NOT PROCEED WITH SEEKING JUDICIAL RELIEF, BECAUSE THE INMATE IS INCOMPLIAT WITH THE PRISON LITIGATION REFORM ACT. (P.L.R.A.)

73. PLAINTIFF MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF THE ALTERED INMATE GRIEVANCES. VIA THE INMAT GRIEVANCE FORM AND EXHAUSTED IT, TO NO AVAIL. (SEE EXHIBIT-R AND IT'S 3 ATTACHMENTS)

74. THE TOTALITY OF THE FORGOING ACTIONS CAUSED PLAINTIFF'S HABEAS CORPUS, CASE NO. 19-C-130 IN THE CIRCUIT COURT OF GREENBRIER COUNTY W.V.,. AS WELL AS A CIVIL ACTION NO.19-C-151 IN THE CIRCUIT COURT OF FAYETTE COUNTY W.V., TO BE DISMISSED.

75. PLAINTIFF MADE DEFENDANTS, AMES AND JIVIDEN AWARE OF THE CAUSE OF THE DISMISSAL OF HIS HABEAS CORPUS. VIA THE INMATE GRIEVANCE FORM AND EXHAUSTED IT, TO NO AVAIL. (SEE EXHIBIT-S)

## V EXHAUSTION OF LEGAL REMEDIES

76. PLAINTIFF HAS USED THE PRISON GRIEVANCE PROCEDURE AVAILABLE AT M.O.C.C. TO TRY AND SOLVE THE PROBLEMS, TO NO AVAIL.

## VI LEGAL CLAIMS

77. PLAINTIFF REALLEGES AND INCORPORATE BY REFERENCE PARAGRAPHS 1-75, OF THIS COMPLAINT AS THOUGH FULLY SET FORTH HEREIN.

## COUNT 1 - NEGLIGENCE

78. BY REASON OF THEIR FAILURE TO PROPERLY SUPERVISE AND EXERCISE CONTROL OVER DEFENDANTS WILSON AND McGRAW, DEFENDANTS JIVIDEN AND AMES WERE NEGLIGENT IN THEIR SUPERVISORY DUTIES, RESULTING IN AND PROXIMATELY CAUSING, THE FOREGOING ACTIONS TAKEN AGAINST THE PLAINTIFF AND THE FOREGOING INJURIES OF PLAINTIFF.

79. THE DEFENDANTS WILSON AND McGRAW BY REASON OF THEIR FAILURE TO PREFORM THEIR DUTIES AS Q-2 UNIT TEAM, AND THEIR PATTERNS AND PRACTICE OF CONSTITUTIONAL VIOLATIONS, RESULTING IN, AND PROXIMATELY CAUSING THE FOREGOING ACTIONS AGAINST PLAINTIFF, AND FOREGOING INJURY TO PLAINTIFF.

80. DEFENDANT SCOTT CONRATH BY REASON OF HIS FAILURE TO PROPERLY SUPERVISE AND EXERCISE CONTROL OVER DEFENDANT KEEFE COMMISSARY NETWORK, WAS NEGLIGENT IN HIS SUPERVISORY DUTIES, RESULTING IN AND PROXIMATELY CAUSING, THE FOREGOING ACTIONS TAKEN AGAINST PLAINTIFF AND THE FORGOING INJURIES OF PLAINTFF.

81. DEFENDANT KEEFE COMMISSARY NETWORK BY REASON OF

IT'S FAILURE TO INSURE Q-2 INMATES RECEIVE ALL COMMISSARY ITEMS THEY WERE CHARGED FOR, WAS NEGLIGENT IN IT'S OBLIGATIONS TO Q-2 CUSTOMERS.

82. DEFENDANT DANILE L. CONN BY REASON OF HIS FAILURE TO PROPERLY TRAIN, SUPERVISE AND INSTRUCT THE EMPLOYEES OF DEFENDANT WEXFORD INC., WAS NEGLIGENT IN HIS SUPERVISORY DUTIES, RESULTING IN AND PROXIMATELY CAUSING, THE FOREGOING ACTIONS TAKEN AGAINST THE PLAINTIFF AND THE FORGOING INJURIES TO PLAINTIFF.

83. DEFENDANT WEXFORD INC., BY REASON OF IT'S FAILURE TO TREAT PLAINTIFF'S HEP-C DISEASE AND APPROVAL OF MEDICAL ITEMS, WAS NEGLIGENT IN TI'S DUTIES TO PROVIED MEDICAL TREATMEN TO PLAINTIFF.

## COUN 2- VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS PROHIBITION AGAINST INFLICTING CRUEL AND UNUSAL PUNISHMENT

84. PLAINTIFF HAS A CONSTITUTIONAL RIGHT AGAINST CRUEL AND UNUSAL PUNISHMENT, GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

85. WHEN THE DEFENDANTS TOOK THE FOREGOING ACTS AGAINST PLAINTIFF, INCLUDING BUT NOT LIMITED TO, LESS THAN 3 SHOWERS PER WEEK, CHARGING 69¢ FOR A STAMPED ENVELOPE, DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEED, THEY DEPRIVED PLAINTIFF OF HIS PRIVILEGES AND IMMUNITIES GUARANTEED UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, INCLUDING HIS RIGHT AGAINST CRUEL AND UNUSAL PUNISHMENT.

## COUNT 3- VIOLATION OF FIRST, FIFTH AND FOURTEENTH AMENDMENT RIGHT TO ACCESS COURTS

86. PLAINTIFF HAS A RIGHT TO CHALLENGE HIS CONVICTION AND CONFINEMENT IN A HABEAS CORPUS, GUARANTEED BY THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

87. WHEN DEFENDANTS BETSY C. JIVIDEN, DONALD F. AMES, JOHNNY WILSON, TAMI MCGRAW, SCOTT CONRATH, AND KEEFE COMMISSARY NETWORK, TOOK THE FOREGOING ACTS AGAINST PLAINTIFF IT PREVENTED HIM FROM PREVAILING IN HIS HABEAS CORPUS, WHICH DEPRIVED PLAINTIFF OF HIS PRIVILEGES AND IMMUNITIES GUARANTEED UNDER THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITE STATES, INCLUDIN HIS RIGHT TO ACCESS THE COURTS.

## COUNT 4 - VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT RIGHT TO NOT BE DEPRIVED OF PROPERTY WITHOUT DUE PROCESS OF LAW

88. PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO NOT BE DEPRIVED OF PROPERTY WITHOUT DUE PROCESS OF LAW, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

89. WHEN DEFENDANTS BETSY C. JIVIDEN, DONALD F. AMES, JOHNNY WILSON AND TAMI MCGRAW, TOOK THE FOREGOING ACTS AGAINST PLAINTIFF OF STEALING HIS "STATE COURT RULES" BOOK, THEY DEPRIVED PLAINTIFF OF HIS PRIVILEGES AND IMMUNITIES GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, INCLUDING RIGHT TO NOT BE DEPRIVED OF PROPERTY WITHOUT DUE PROCESS OF LAW.

## COUNT 5 - VIOLATION OF FIRST AND FOURTEENTH AMENDMENT RIGHT TO PETITION THE GOVERMENT FOR A REDRESS OF GRIEVANCES

90. PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO PETITION THE GOVERMENT FOR A REDRESS OF GRIEVANCES, GUARANTEED BY THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

91. WHEN DEFENDANTS BETSY C. JIVIDEN, DONALD F. AMES, JOHNNY WILSON AND TAMI McGRAW, ALTER INMATE GRIEVANCES TO STOP PLAINTIFF FROM SEEKING JUDICIAL RELIEF, THEY DEPRIVED HIM OF HIS PRIVILEGES AND IMMUNITIES GUARANTEED UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

## VII PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT:

1. GRANTING PLAINTIFF A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATE HIS RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES.

2. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS BETSY C. JIVIDEN, DONALD F. AMES, ALLOWING PLAINTIFF PHYSICAL ACCESS TO THE M.O.C.C. LAW LIBRARY THREE (3) TIMES PER WEEK FOR TWO HOURS PER VISIT AND STOP CHARGING FIFTEEN CENTS (.15¢) PER SHEET FOR LEGAL COPIES.

3.   A PRELIMINARY AND PERMANENT INJUNCTION ORDERING
DEFENDANTS, DANIEL L. CONN AND WEXFORD Inc., TO TREAT PLAINTIFF'S
HEP-C AND APPROVE PLAINTIFF FOR HIS REQUESTED SHOES.

4.   GRANTING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF
$50,000.00 EACH, AGAINST DEFENDANTS, BETSY C. JIVIDEN, DONALD
F. AMES, JOHNNY WILSON AND TAMI McGRAW.

5.   GRANTING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF
$20,000.00 EACH, AGAINST DEFENDANTS SCOTT CONRATH AND KEEFE
COMMISSARY NETWORK.

6.   PLAINTIFF IS SEEKING PUNITIVE DAMAGES IN THE AMOUNT OF
$50,000.00 EACH, AGAINST DEFENDANTS BETSY C. JIVIDEN, DONALD
F. AMES, JOHNNY WILSON AND TAMI McGRAW.

7.   PLAINTIFF ALSO SEEKS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

8.   PLAINTIFF ALSO SEEKS RECOVERY OF COSTS IN SUIT

9.   ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND
EQUITABLE.

DATED: APRIL 12, 2020

RESPECTFULLY SUBMITTED,
TRAVIS R. NORWOOD #3542062
1 MOUNTAIN SIDE WAY
MT. OLIVE, WV 25185

# VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY
VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE,
EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF,
AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY
UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.

EXECUTED IN FAYETTE COUNTY, WEST VIRGINIA ON THIS DATE:
APRIL 20, 2020

X _____

TRAVIS N. NORWOOD #3542062

V.     Relief (continued):

_____

_____

_____

_____

_____


VII.   Counsel

A.     If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____ Pro se _____

B.     Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes ✓          No _____.

If so, state the name(s) and address(es) of each lawyer contacted:

STROEBEL & STROEBEL, P.L.L.C., 401 CAPITOL STREET –
SUITE 102, CHARLESTON, WV 25329

If not, state your reasons: _____ N/A _____

C.     Have you previously had a lawyer representing you in a civil action in this court?

Yes _____          No ✓

6

If so, state the lawyer's name and address:

_____

_____

Signed this _____ day of _____, 20 _____.

_____ # 3542062 _____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *APRIL 12, 2020* _____.
　　　　　　(Date)

_____ # 3542062 _____

Signature of Movant/Plaintiff

_____

Signature of Attorney
(if any)

7