IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**TRAVIS R. NORWOOD,**

      **Plaintiff,**

v.                                        Case No. 2:20-cv-00299
                                          Case No. 2:20-cv-00350

**BETSY JIVIDEN,** *et al.***,**

      **Defendants.**

## ORDER AND NOTICE

Pending in both of these civil actions is a "Motion to Consolidate Case Nos. 2:20-cv-00299 and 2:20-cv-00350" (Case No. 2:29-cv-00299, ECF No. 5, and Case No. 2:20-cv-00350, ECF No. 6). On April 28, 2020, the plaintiff filed a Complaint ("first complaint"), a Motion for Preliminary Injunction, and a Memorandum of Law in support thereof. Those documents concern the plaintiff's conditions of confinement in administrative segregation, particularly denial of access to the law library, at the Mount Olive Correctional Complex ("MOCC"). Those documents are docketed as ECF Nos. 1, 2, and 3 in Case No. 2:20-cv-00299 ("first case"). The plaintiff did not pay the applicable $400 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs in the first case.

Then, on May 24, 2020, before any action had been taken with regard to the first case, the Clerk's Office received and docketed an Application to Proceed Without Prepayment of Fees and Costs and a second Complaint, which expands on the plaintiff's claims concerning his conditions of confinement in administrative segregation at MOCC.

Those documents were docketed in Case No. 2:20-cv-00350. The plaintiff has now requested that these matters be consolidated for further proceedings.

The undersigned **FINDS** that the plaintiff's claims can be litigated in the same civil action, for which the plaintiff would only be responsible for one filing fee. Thus, it is hereby **ORDERED** that the plaintiff''s Motion to Consolidate is **GRANTED** and Case Nos. 2:20-cv-00299 and 2:20-cv-00350 are **CONSOLIDATED**, <u>with **2:20-cv-00350** being the lead case, and all further documents being docketed only therein</u>. The Clerk is further directed to docket the plaintiff's Motion for Preliminary Injunction and Memorandum of Law in support thereof in Case No. 2:20-cv-00350, and to terminate the same in Case No. 2:20-cv-00299.

The undersigned has reviewed the Application filed in Case No. 2:20-cv-00350, ECF No. 1, which includes statements of his assets, of his inability to prepay fees, of the nature of the action, and of his belief that he is entitled to redress. The Application demonstrates that the plaintiff does not have sufficient assets to pay the applicable filing fee in full. Pursuant to the amendments to 28 U.S.C. § 1915, and notwithstanding the plaintiff's lack of assets, it is hereby **ORDERED** that the plaintiff shall pay the full amount of the filing fee of $350.00 by payments sent to the Clerk of the Court by the prison where the plaintiff is incarcerated. 28 U.S.C. § 1915(b)(1).

Due to the plaintiff's lack of funds, no initial partial filing fee is imposed. However, pursuant to 28 U.S.C. § 1915(b)(2), it is hereby **ORDERED** that the plaintiff is required to make monthly payments of **20 percent** of the preceding month's income credited to his prisoner account, until he has paid the total filing fee of $350.00. 28 U.S.C. § 1915(b)(2). The correctional facility where the plaintiff is incarcerated is requested, when the plaintiff's prisoner account exceeds the sum of $10.00, to forward monthly payments

to the Clerk of this Court, with each payment being a sum which equals **20 percent** of the preceding month's income credited to the plaintiff's prisoner account. 28 U.S.C. § 1915(b)(2).

It is further **ORDERED** that the plaintiff's Application (ECF No. 1) is **GRANTED**, except to the extent that the plaintiff is required to make the payments set forth above. If judgment is rendered against the plaintiff, and the judgment includes the payments of costs under Section 1915, the plaintiff will be required to pay the full amount of the costs, notwithstanding that his Application has been granted. Service of process will be addressed in a separate Order.

The plaintiff is further **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information. The failure to do so may also result in the undersigned's recommendation of dismissal of this matter pursuant to Rule 41(b).

The Clerk is directed to mail a copy of this Order to the plaintiff and the person responsible for inmate accounts at the Mount Olive Correctional Complex.

ENTER: June 30, 2020

Dwane L. Tinsley
United States Magistrate Judge