IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TRAVIS C. NORWOOD,

    Plaintiff,

v.                                                                      Case No. 2:20-cv-00350

BETSY JIVIDEN, et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

       This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Letter-Form Motion for Preliminary Injunction (ECF No. 8) and set forth more fully in the accompanying Memorandum of Law (ECF No. 9).

       Although the motion and memorandum of law make no specific request for relief, the memorandum of law addresses Plaintiff's claim that, as a prisoner in administrative segregation at the Mount Olive Correctional Complex, he has no direct access to the prison law library. He contends that the restriction of access for segregated prisoners to only making requests for copies of legal materials from the law library and then charging them 15 cents per page for such copies if they are not returned within three days violates his constitutional right of access to the courts.

The court construes the instant motion as one for preliminary injunctive relief in the form of an order permitting Plaintiff' physical access to the law library and to stop charging 15 cents per copy of legal documents, as that is the injunctive relief sought in Plaintiff's complaint on that claim. Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction, an extraordinary remedy, only on notice to the adverse party. Fed. R. Civ. P. 65(a). "[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id.* at 286.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*"). All four factors must be met to justify this extraordinary relief. *Real Truth*, 575 F.3d at 347.

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy

> that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that the movant must make a clear showing that he is likely to be irreparably harmed, and particular attention must be paid to the public consequences in employing the extraordinary remedy of an injunction. The movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Additionally, courts should grant preliminary injunctive relief involving the management of correctional facilities only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Miles v. Bell,* No. 20-cv-2107, 2021 WL 229674, at *5 (D. Md. Jan. 22, 2021) (finding preliminary injunctive relief was not warranted on prison conditions claims).

The defendants have not yet been served with process and made an appearance herein. Presently, Plaintiff has not demonstrated a likelihood of success on the merits of his claims or that denial of physical access to the law library will cause him actual and imminent harm to pending court cases. Thus, there are no exceptional and compelling circumstances that would justify granting this extraordinary relief.

### RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that, at present, Plaintiff has not clearly shown that he is likely to succeed on the merits of his various claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated a right to a preliminary injunction under the

circumstances. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Letter-Form Motion for Preliminary Injunction (ECF No. 8) and leave this matter referred to the undersigned for further consideration of Plaintiff's claims for relief.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

January 29, 2021

Dwane L. Tinsley
United States Magistrate Judge

4