IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TRAVIS R. NORWOOD,

    Plaintiff,

v.                                          Case No. 2:20-cv-00350
                                              (consolidated with 2:20-cv-00299)

BETSY C. JIVIDEN, *et al.*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Motion for Default Judgment (ECF No. 15).

On June 30, 2020, the undersigned consolidated this civil action with Case No. 2:20-cv-00299, with this matter being the lead case in which all further documents will be filed. The undersigned also granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 7). However, at that time, the court did not conduct the initial screening of Plaintiff's complaint required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B) or direct service of process on Defendants. By separate Order and Notice, the court has now ordered the issuance and service of summonses on Defendants.

On July 9, 2021, Plaintiff filed the instant Motion for Default Judgment (ECF No. 15) seeking a default judgment against Defendant for failure to respond to his Complaint.

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). However, because Defendants have not been served with process, which, in this matter, is the responsibility of court officers, default has not been entered and there is no basis for entry of default or a default judgment against Defendants.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Default Judgment (ECF No. 15).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

January 12, 2022

Dwane L. Tinsley
United States Magistrate Judge