**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

TRAVIS R. NORWOOD,

      Plaintiff,

v.                                Case No. 2:20-cv-00350
                                    (Consolidated with
                                    Case No. 2:20-cv-00299)

BETSY JIVIDEN, *et al.*,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is proceeding on the plaintiff's Complaint (ECF No. 4). Pending before the court is a Motion to Dismiss filed by Daniel Conn and Wexford Health Sources, Inc. (ECF No. 24).

### I.    *PLAINTIFF'S ALLEGATIONS AND RELEVANT PROCEDURAL HISTORY*

Plaintiff's complaint alleges a series of claims against various individuals and entities concerning his conditions of confinement at the Mount Olive Correctional Complex ("MOCC"). Among other defendants, Plaintiff has named Wexford Health Sources, Inc. ("Wexford"), the contracted health care provider for the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), and its Chief Executive Officer ("CEO"), Daniel Conn ("Conn"). (ECF No. 4 at 7-8, ¶ 10 and 17, ¶ 58.)

With respect to Wexford and Conn (collectively "Defendants"), Plaintiff's allegations center around two issues. First, Plaintiff alleges that Wexford personnel have refused to treat his chronic Hepatitis C virus despite being aware of "the deadly effects of the disease." (ECF No. 4 at 17-18, ¶¶ 59-60). However, he provides no further factual support for these allegations. Second, Plaintiff alleges that he has a slight deformity in his foot which causes balance problems while wearing the foam sandals required in administrative segregation. (*Id.* at 18, ¶¶ 62-63). Plaintiff alleges that he needs a medical referral to be permitted to wear sneakers instead of sandals, and that he requested such a referral, but the same was denied by Dr. Charles Lye (who is not named as a defendant herein) after a cursory examination of his foot from five feet away. (*Id.* at 18, ¶ 64).

Based on these allegations, in Count One of the complaint, Plaintiff asserts negligence claims against Wexford and Conn (collectively "Defendants"). (*Id.*, at 22, ¶¶ 82-83). With respect to Conn, Plaintiff alleges that he negligently failed to "properly train, supervise, and instruct employees" of Wexford, "proximately causing the foregoing actions taken against Plaintiff and the foregoing injuries to Plaintiff." (*Id.*, ¶ 82). Without further specification, Plaintiff also claims that Wexford's "failure to treat [his] Hepatitis C and approve medical items" was negligent. (*Id.*, ¶ 83).

In Count Two of the complaint, Plaintiff asserts a claim against these Defendants under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs. (*Id.* at 22, ¶¶ 84-85). The only relief the Plaintiff seeks against these Defendants is a preliminary and permanent injunction ordering that Plaintiff be permitted to wear sneakers in administrative segregation and that he be treated for Hepatitis C. (*Id.* at 25, ¶ 3).

On February 2, 2022, Defendants filed the instant Motion to Dismiss (ECF No. 24) asserting that Plaintiff's complaint fails to state a claim upon which relief can be granted against them. Plaintiff responded to the motion to dismiss (ECF No. 29), and Defendants filed a reply brief (ECF No. 30). Thus, the motion is fully briefed and ripe for adjudication.

## II.    STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of

3

truth." *Iqbal*, 556 U.S. at 679.  This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."  *Id.*  Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense."  *Id.*  "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged."  *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).  This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face."  *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

### III.     DISCUSSION

### A.     The complaint fails to state a plausible constitutional claim against Wexford.

Count Two of Plaintiff's complaint claims, *inter alia*, that Defendants Wexford and Conn's deliberate indifference to his serious medical need has violated his rights under the Eighth Amendment's guarantee against cruel and unusual punishment, which is made applicable to the states through the Fourteenth Amendment.  (ECF No. 4 at 22).[1]  The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof

---

[1] The undersigned does not read the complaint to be making a separate claim under any of the other provisions of the Fourteenth Amendment against Conn and Wexford.

to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (emphasis added); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 (1989); *Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). Because Wexford is a contracted medical provider for the WVDCR, a state agency with oversight of MOCC, the deliberate indifference standard is applicable to the conduct of Wexford and its employees. *West v. Atkins*, 487 U.S. 42 (1998) (explaining that a private entity which contracts with the state to provide medical services acts "under color of state law"). However, "[a] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original).

Defendants assert that there are no allegations in the complaint that can plausibly establish that Wexford has a policy or custom to deny treatment to inmates who have Hepatitis C or that Defendants have otherwise been deliberately indifferent to Plaintiff's serious medical needs with respect to his foot condition. Their Memorandum of Law further states:

In order to adequately allege the existence of a policy under *Monell*, a plaintiff must plead facts which, if true, establish the existence of such a policy. *See Revene v. Charles County Commissioners*, 882 F.2d 870, 875 (4th Cir. 1989). "§ 1983 complaints which on critical elements of a claim merely recite legal conclusions wholly devoid of facts may properly be dismissed for insufficiency of statement." *Id.* (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985)). Further, a single instance of the complained-of conduct is insufficient to establish that the conduct was undertaken pursuant to policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). Here, the Plaintiff has failed to make adequate factual allegations. Nowhere in his Complaint does the Plaintiff allege that his injuries were the result of a corporate policy maintained by Wexford. Rather, his only allegations portray single instances of conduct – allegedly failing to treat him for Hepatitis C and allegedly refusing a medical order for him to wear sneakers in segregation – with no perceivable relationship to an alleged corporate policy. This is plainly insufficient under *Monell*, and should subject his § 1983 claim against Wexford to dismissal.

(ECF No. 25 at 9).

Plaintiff's response makes a blanket assertion that it would be premature to dismiss his complaint without permitting discovery and potential amendment thereof. (ECF No. 29 at 3). However, his response fails to adequately address the deficiencies in his claims against these Defendants.[2]

Here, the complaint wholly fails to even allege that any policy or custom of Wexford's led to his actual injury. This pleading requirement is not onerous and does not require discovery of a written policy as suggested by Plaintiff. Rather, as recently noted

---

[2] Plaintiff has also filed several declarations in support of his complaint and in opposition to Defendants' motions to dismiss. (ECF Nos. 30, 36, and 40). These documents contain additional facts not set forth in the complaint, including facts concerning events that have allegedly occurred since the filing of the complaint. However, such documents are not properly considered at the motion to dismiss stage, which is focused solely on the sufficiency of the complaint itself, and the court may not consider the same without converting the motion to dismiss into a motion for summary judgment, which is not presently appropriate. Nor may such documents be properly considered to be amendments to the complaint, as Plaintiff has not sought and been granted leave to amend. Thus, this Court should decline to consider these documents at this stage of the proceedings. *See, e.g., Space Tech. Dev. Corp. v. Boeing Co.*, 209 F. App'x 236, 239 n.4 (4th Cir. 2006) (declining to consider declaration and exhibits not attached or incorporate into complaint).

by another judge of this Court:

> Although proving a policy or custom under *Monell* is quite difficult, pleading one is less so. *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 403 (4th Cir. 2014). A plaintiff need not "detail the facts underlying his claims, or . . . plead the multiple incidents of constitutional violations that may be necessary at later stages to establish the existence of an official policy or custom and causation." *Jordan,* 15 F.3d at 339. In this context, as in others, "[t]he recitation of facts need not be particularly detailed, and the chance of success need not be particularly high." *Owens,* 767 F.3d at 403.

*Graening v. Wexford Health Sources, Inc.*, No. 1:20-cv-00400, 2022 WL 2070633, at *1

(S.D.W. Va. June 8, 2022) (Faber, S.J.). As further noted by the Court in *Graening*:

> The most basic requirement for a successful *Monell* claim is to connect the alleged violation of a federal right to an official policy or custom of the defendant. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). An express policy issued by the corporation's policymakers is the most straightforward source of such a policy or custom, but there are three other possible sources: (1) a decision of a policymaking official; (2) a corporate omission manifesting deliberate indifference to federal rights; and (3) a practice that "is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *See Lytle v. Doyle,* 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter*, 164 F.3d at 217); *see also Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."). A *Monell* "custom" must be based on a practice that is "so widespread as to have the force of law." *Brown*, 520 U.S. at 404.

2022 WL 2070633, at *4. Plaintiff's complaint is completely devoid of any such allegations and are far too conclusory to establish liability against Wexford under a *Monell* theory. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a plausible Eighth Amendment claim against Wexford.

## B.   The complaint fails to state a plausible constitutional claim against Conn.

Nor has Plaintiff sufficiently alleged facts to establish any violation of his Eighth Amendment rights grounded in deliberate indifference to his serious medical needs

against Conn. As noted by Defendants' brief, deliberate indifference to a prisoner's serious medical needs constitutes the type of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But not every "claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are generally not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Additionally, in *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), the Court held that supervisors may be liable for the actions of their subordinates where the supervisor, by his own conduct, was deliberately indifferent to, or tacitly authorized or approved prior constitutional violations. Such liability is not based on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." 13 F.3d at 798 (*quoting Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)). In *Shaw*, the Fourth Circuit discussed the following elements necessary to establish a supervisor's liability under 42 U.S.C. § 1983:

1)   The supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

2)   The supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and

3)   There was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injuries suffered by the plaintiff.

13 F.3d at 799. However, in *Farmer*, *supra*, the Supreme Court clarified that a prison official's "actual subjective awareness" of an excessive risk of harm or safety was required to hold the official liable under the Eighth Amendment. Thus, a prison official cannot be held liable for the failure to alleviate a risk that he should have perceived, but did not in fact perceive. 511 U.S. at 838. As further noted in *Evans v. Chalmers*:

[T]he Supreme Court explained in *Iqbal* that "a supervisor's mere knowledge" that his subordinates are engaged in unconstitutional conduct is insufficient to give rise to liability; instead a supervisor can only be held liable for "his or her own misconduct." [556 U.S. at 677.]

703 F.3d 636, 660-61 (4th Cir. 2013).  Thus, to hold a supervisory defendant liable, the plaintiff must allege facts that allow the court to draw a reasonable inference that the supervisor's own conduct permitted the constitutional violation to occur.  *Iqbal*, 556 U.S. at 677.

Plaintiff has not named any Wexford employees, other than Conn, as defendants. However, Conn has no direct involvement in Plaintiff's medical care.  Moreover, even to the extent that Conn may be considered a supervisory employee of Wexford, Plaintiff's complaint fails to allege any facts to suggest that he had actual awareness of facts surrounding Plaintiff's treatment.  Because Conn is not alleged to be involved in Plaintiff's treatment decisions or any actual knowledge thereof, the undersigned proposes that the presiding District Judge **FIND** that the complaint fails to state any plausible claim under the Eighth Amendment against Conn.

### C.    Plaintiff has failed to state a plausible negligence claim.

In Count One of his complaint, Plaintiff alleges, in a very general manner, that Wexford and Conn acted negligently with respect to his requested medical treatment. Defendants' motion to dismiss asserts that these negligence claims must be dismissed because Plaintiff failed to comply with the notice and screening certificate of merit requirements of the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6(b), which states that no medical negligence claim may proceed unless the plaintiff has, at least 30 days prior to filing suit, provided to each potential defendant, a notice of the claim, a statement of the theory of liability, a list of other providers and health care facilities also being notified, and a "screening certificate of merit" by a qualifying health care provider evaluating the claim.  *See* W. Va. Code § 55-7B-6(b).

A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice-of-law rules, unless a compelling federal interest directs otherwise. *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011). Accordingly, Defendants assert that this West Virginia law applies to Plaintiff's medical negligence claims against them.

However, in *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021), the Fourth Circuit joined the Sixth and Seventh Circuits in holding that for medical malpractice actions brought in federal court, the Federal Rules supplant state law expert certificate requirements. S*ee also Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019); *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019); *DeBlois v. Corizon Health, Inc.*, No. ELH-20-cv-1816, 2021 WL 3142003, at *9 (D. Md. July 23, 2021). However, there is a split of authority among the federal circuit courts on this topic. S*ee, e.g., Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262–64 (3d. Cir. 2011); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996) (finding that failure to comply with state law pre-suit expert requirements warranted dismissal of medical malpractice cases).

Although noting that the context of *Pledger* was a medical malpractice claim brought against federal officials under the Federal Tort Claims Act ("FTCA"), the undersigned believes that the rationale in *Pledger* extends to all medical malpractice claims brought in federal court. In arriving at its decision, the *Pledger* majority applied the "well-established, two-step framework for mediating any potential conflict" between West Virginia law and the Federal Rules, as established by the Supreme Court in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and *Hanna v. Plumer*, 380 U.S. 460 (1965). As noted by our sister court:

> The Court then determined that various Federal Rules are sufficiently broad to answer whether a medical malpractice plaintiff in federal court must present an expert certificate "to state a claim for medical negligence[.]" *Pledger*, 2021 WL 3072861, at \*5; *see id.* at \*6.    In short, the Court reasoned that Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12, which set forth general pleading requirements, do not require the presentation of expert evidence at the pleading stage. *See id.* at \*6.    Nor does Fed. R. Civ. P. 11, which "expressly provides that 'a pleading need *not* be verified or accompanied by an affidavit,' and instead treats the signature of an attorney or party as a certification that the claim is legally sufficient and likely factually supported." *Id.* (emphasis in original) (quoting Fed. R. Civ. P. 11(a), (b)). \* \* \* Accordingly, the majority concluded that the West Virginia pre-filing certificate requirement is inconsistent and "'impossible to reconcile'" with these provisions of the Federal Rules. *Pledger*, 2021 WL 3072861, at \*6 (quoting *Shields v. United States*, 436 F. Supp. 3d 540, 548 (D. Conn. 2020)).    And, the second step of the *Shady Grove* [*Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)] framework did not raise any concerns, as the Federal Rules enjoy presumptive validity.    *See Pledger*, 2021 WL 3072861, at \*7 (collecting cases).    Moreover, the Court rejected the defendants' argument that "the choice-of-law framework set out in *Erie* [*R. Co. v. Tompkins*, 304 U.S. 64 (19380]" should take the place of the "functional" inquiry prescribed by the first step of the *Shady Grove* framework. *Id.* at \*7; *see id.* at \*8.

*DeBlois v. Corizon Health, Inc.*, No. ELH-20-cv-1816, 2021 WL 3142003, at \*8 (D. Md. July 23, 2021) (denying motion to dismiss medical malpractice claim for failure to comply with Maryland pre-suit certification requirements); *see also Alston v. Locklear*, No. 1:19-cv-96, 2022 WL 1137229, at \*7 (M.D.N.C. Apr. 18, 2022) ("this broad language indicates the holding in *Pledger* is not confined only to federal-court FTCA actions but applies to all federal actions.").    The presiding District Judge herein has also recently found *Pledger*'s holding to be "categorical," noting that "the Fourth Circuit has instructed lower courts that the MPLA's pre-suit notice requirements are supplanted by the Federal Rules of Civil Procedure in federal court." *Johnson v. W. Va. Univ. Bd. of Gov.*, No. 2:21-cv-00380, 2022 WL 908496, at \*13 (S.D.W. Va. Mar. 28, 2022).    Thus, this Court must reject Defendants' argument for dismissal of Plaintiff's medical negligence claims based on the failure to comply with the West Virginia MPLA.

Nonetheless, because Plaintiff has not pled plausible negligence claims against Wexford and Conn, the undersigned still recommends dismissal of those claims. Quite simply, Plaintiff fails to sufficiently plead specific conduct by these Defendants that meets the essential elements of a medical negligence claim. As noted by Defendants' brief, to state a claim for medical negligence under West Virginia law, a plaintiff must allege sufficient facts to show that:

> (1) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3. (ECF No. 25 at 4). As further asserted by Defendants:

> Plaintiff's allegations, even if true, do not assert, much less establish, the standard of care for his Hepatitis C or for his foot issue, and thus cannot meet the first element. Without any allegations about what the applicable standards of care are, he cannot state a claim that any treatment he received deviated from them. With regard to his foot, he has merely alleged that Dr. Lye looked at his foot and declared there was nothing wrong with it – a diagnosis with which the Plaintiff plainly disagrees. With regard to his Hepatitis C, he merely alleges that he has been diagnosed with the disease, and is not presently receiving treatment. * * * Further, with regard to the Hepatitis C treatment he seeks, he has not alleged any injury as a result.

(*Id.* at 5).

Plaintiff's complaint does not allege sufficient facts to establish the standard of care applicable to his alleged medical conditions or how any individual Wexford health care provider breached such standards of care. Significantly, Plaintiff has not named as defendants any individual Wexford employees who actually rendered his medical care. Rather, he has only named Conn, its CEO, who had no direct involvement in his care. Plaintiff alleges, in a conclusory manner, that Conn negligently supervised other Wexford employees, but he has not alleged any facts to support that contention. These allegations

14

are clearly insufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and to "raise the right to relief above a speculative level." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a plausible negligence claim against Wexford and Conn.

### D.    Plaintiff is not presently entitled to injunctive relief.

In his prayer for relief, Plaintiff seeks both preliminary and permanent injunctions ordering these Defendants to treat him for Hepatitis C and provide him the referral to wear sneakers in segregation.  Defendants' motion to dismiss, however, asserts that Plaintiff is not presently entitled to any injunctive relief against them. (ECF No. 25 at 10-14).

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction, an extraordinary remedy, only on notice to the adverse party. Fed. R. Civ. P. 65(a).  "[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  Rather, the discretion of the court to issue such an injunction should be "sparingly exercised."  *Id.* at 286.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest."  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*").  All four factors must be met to justify this extraordinary relief.  *Real Truth*, 575 F.3d at 347.  The Fourth Circuit more recently emphasized that a party seeking an injunction must "clear[ly] show[ ]" that he or she is likely to succeed on the merits. *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011).

A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46. The movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Additionally, courts should grant preliminary injunctive relief involving the management of correctional facilities only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Miles v. Bell,* No. 20-cv-2107, 2021 WL 229674, at *5 (D. Md. Jan. 22, 2021) (finding preliminary injunctive relief was not warranted on prison conditions claims).

Defendants assert that Plaintiff's complaint fails to meet any of the *Winter* factors, because it fails to allege factual allegations giving rise to a plausible claim against them resulting in actual and imminent harm to Plaintiff. Their brief further states:

As to the first factor, apart from abstract unsupported allegations that the Defendants' decision not to treat him in the manner he requests is, in fact, deliberate indifference, he presents no case for why he is likely to succeed in this matter. In fact, with regard to his request for an injunction ordering treatment for Hepatitis C, this Court has previously denied two requests for an identical preliminary injunction which included far more detailed factual allegations. *See, e.g., Adamson v. May*, Case No. 2:19-cv-00575, 2021 U.S. Dist. LEXIS 139786, *17-*21 (S.D.W. Va., May 6, 2021)

16

(Tinsley, M.J.), *adopted* 2021 U.S. Dist. LEXIS 138714 (S.D.W. Va., Jul. 26, 2021) (Copenhaver, J.); *Smith v. Paul*, Civil Action No. 2:19-CV-133 (S.D.W. Va., July 15, 2020) (Tinsley, M.J.).

> As to the second factor, no factual allegations of any kind appear in the Complaint which would suggest that he is likely to incur imminent irreparable harm in the absence of a preliminary injunction. The third and fourth factors are unsatisfied for the same reason, as factual allegations – or even bare conclusory allegations, for that matter – about the balancing of equities or the public interest are completely absent from his Complaint. Accordingly, he has failed to plead entitlement to a preliminary injunction, and his request for the same should be dismissed.

(ECF No. 25 at 11-12). Plaintiff has not rebutted these assertions.

Because the undersigned has recommended dismissal of the claims against Wexford and Conn for failure to state a claim upon which relief can be granted, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff is not presently entitled to any injunctive relief from those Defendants. Currently, Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims against these Defendants or that he will suffer imminent harm without the requested injunctive relief.

### III. *RECOMMENDATION*

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by Daniel Conn and Wexford Health Sources, Inc. (ECF No. 24), **DISMISS** Plaintiff's claims against Defendants Conn and Wexford for failure to state a claim upon which relief can be

granted,[3] and leave this matter referred to the undersigned for additional proposed findings and recommendations concerning the other defendants.[4]

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Chief Judge Johnston.

---

[3]  Because the undersigned cannot say as a matter of law that Plaintiff could not state plausible Eighth Amendment or negligence claims against Wexford or its personnel by amendment of his claims, the presiding District Judge may consider granting such dismissal without prejudice.  *Smith v. Virginia*, No. 3:08cv800, 2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999)).

[4]  Also pending before the Court are a Motion to Dismiss filed by Defendants Betsy C. Jividen, Donald F. Ames, Tami McGraw, and Johnny Wilson (ECF No. 41) and Plaintiff's Motions for Entry of Default and Default Judgment (ECF Nos. 43 and 44), which will be separately addressed.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

August 8, 2022

Dwane L. Tinsley
United States Magistrate Judge