## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

TRAVIS R. NORWOOD,

      Plaintiff,

v.                                                    Case No. 2:20-cv-00350
                                           (consolidated with 2:20-cv-00299)

BETSY C. JIVIDEN, *et al.*,

      Defendant.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Motion for Entry of Default Judgment (ECF No. 43) and Motion for Entry of Default (ECF No. 44).

### I.    RELEVANT PROCEDURAL HISTORY

On January 12, 2022, the undersigned directed the Clerk to issue summonses for Defendants Jividen, Ames, Wilson, and McGraw, which were to be personally served on them by the United States Marshals Service. (ECF No. 19). According to the docket sheet, the summonses for Defendants Jividen and McGraw were served on March 1, 2022. Therefore, their responsive pleadings were due 21 days later or by March 22, 2022. Defendants Ames and Wilson were not served until March 25, 2022 and their responsive pleadings were due April 15, 2022. All four Defendants filed a Motion to Dismiss (ECF

No. 41) and Memorandum of Law in support thereof (ECF No. 42) on March 23, 2022.[1] Those filings evidently crossed in the mail with Plaintiff's Motions for Entry of Default and Default Judgment (ECF Nos. 43 and 44). Defendants have opposed Plaintiff's motions (ECF No. 48) and the motions are ripe for resolution.

## II.    DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

Plaintiff's default motions were mailed before the deadline for Defendants' responsive pleadings, and it is evident from his motion papers (ECF Nos. 43 and 44) and associated declarations (ECF Nos. 45 and 46) that he misunderstood the timing for responsive pleadings. Rule 12(a)(1)(A)(i) requires a defendant to serve a responsive pleading "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). As noted by Defendants' response, Plaintiff's motion appears to run this period from the date the summonses were issued on January 12, 2022, not the date the summonses were served on each Defendant. While it appears that the Motion to Dismiss was filed one day late with respect to the service of the summonses on Defendants

---

[1] The merits of Defendants' motion to dismiss will be addressed in a separate Proposed Findings and Recommendation.

Jividen and McGraw, it was filed two days before Defendants Ames and Wilson were even served with process, and 23 days before their responsive pleading was due. Thus, there is no basis for entry of default or a default judgment against Ames and Wilson.

Moreover, even if Defendants Jividen and McGraw were technically in default because their responsive pleading was one day late, the interests of justice do not support the entry of a default judgment against them and setting aside any such default would be warranted, had default been entered by the Clerk. Pursuant to Rule 55(c), prior to entry of a default judgment, a court may, in its discretion, and "for good cause shown," set aside the entry of default. *See Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

Default judgments are not favored, and "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549, 551 (S.D. W. Va. 1994) (quoting *Moradi*, *supra*, 673 F.2d at 727). The United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default. Those six factors consist of the following:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

*See Moradi*, 673 F.2d at 728. The Court has suggested that the reasonable promptness and meritorious defense factors hold great weight and, generally, the entry of default should be set aside when those factors, alone, are met. *Consolidated Masonry,* 383 F.2d

at 251. "[E]ven if a defense is tenuous, [] the meritorious defense factor should weigh in favor of granting a motion to set aside entry of default." *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, No. 5:07-cv-00330, 2007 WL 4305606 at *3 (S.D.W. Va. Dec. 7, 2007) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Defendants' motion to dismiss proffers potentially meritorious defenses and it was filed with reasonable promptness, as it was filed only one day after the technical deadline. Furthermore, the fact that the motion was filed one day late by Defendants Jividen and McGraw resulted in no actual prejudice to Plaintiff and there is no other history of dilatory action by those Defendants. *See, e.g., Harper v. Ascension Health All.*, No. 4:17-cv-02495 ERW, 2017 WL 6407776, at *1 (E.D. Mo. Dec. 15, 2017) "filing a responsive pleading one day late is not cause for entry of default"); *Deere & Co. v. Farmer*, No. 4:16-cv-206-DMB-JMV, 2016 WL 10920487, *1 (N.D. Miss. Dec. 14, 2016) ("Defendant filed his answer only one day late so the drastic measure of entry of default is not warranted."); *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, No. CIV. A. 7:08-cv-00542, 2009 WL 700169, at *6 (W.D. Va. Mar. 17, 2009) ("The court finds that an entry of default judgment is not warranted for the filing of PPI's answer to the defendant's counterclaim one day late.").

Moreover, the one-day delay herein appears to be an inadvertent miscalculation by defense counsel and should not be blamed on Defendants themselves. *Id.* at *6 (quoting *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 (4th Cir.1997) and *August Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir.1988)) ("[T]he United States Court of Appeals for the Fourth Circuit has stated that 'when a party is blameless and the attorney is at fault, the court's interest in reaching the merits controls

4

and a default judgment should ordinarily be set aside.'" ). Therefore, there is no valid basis upon which to enter default or default judgment against these Defendants.

### III.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motions for Entry of Default and Default Judgment (ECF Nos. 43 and 44) and leave this matter referred to the undersigned for additional proceedings concerning the claims against Defendants Jividen, Ames, Wilson, and McGraw.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

November 8, 2022

Dwane L. Tinsley
United States Magistrate Judge

6